UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN FAULKNER,

        Petitioner,

        v.                                       Case No. 20-C-26

UNITED STATES MARSHAL SERVICE,

        Respondent.

## SCREENING ORDER

Petitioner Alvin Faulkner, who is currently incarcerated at Western Correctional Institution in Cumberland, Maryland, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner believes he received a federal pardon regarding his state conviction and seeks enforcement of United States Pardon #3011897210. Petitioner filed with his petition a request to proceed in forma pauperis. I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. Rule 4 applies to cases brought under § 2241 as well. *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006).

While a federal court generally will not consider whether it has personal jurisdiction sua sponte, there are exceptions. *See Souran v. Del. State Fair, Inc.*, No. 19-CV-1088, 2019 WL 3779556, at *1 (E.D. Wis. Aug. 12, 2019) (citing cases). The court concludes that it is appropriate to sua sponte consider the question of personal jurisdiction in this case. The Supreme Court has held that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (citation omitted); *see also al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) ("[W]hen there is only one custody and one physical custodian, that person is the proper respondent, and the district in which the prison is located is the proper district, for proceedings under § 2241."). In this case, there is no dispute that Petitioner is being held in Cumberland, Maryland and that there is no connection between the Eastern District of Wisconsin, Petitioner, his conviction, or his current custodian. Accordingly, the court lacks personal jurisdiction over this action. The district in which the prison is located is the proper district for proceedings under § 2241, and the warden of that prison is the proper respondent.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 31st day of January, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court